**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENDALL JOSEPH MOSS III,

    Defendant - Appellant.

No. 25-8040
(D.C. No. 1:24-CR-00165-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

This appeal involves an enhancement to the sentencing range under the guidelines. If a district court applies an enhancement based on some factors that are impermissible, does that error undermine confidence in the outcome if the court also relied on permissible factors that would independently justify the enhancement? We answer *no*.

_____

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

The defendant, Mr. Kendall Moss III, was convicted of sexually abusing a ten-year old girl. 18 U.S.C. § 2244(a)(5). They had met in a group home: The girl was placed in the group home, and Mr. Moss was employed there. After meeting the girl in the group home, Mr. Moss took her in as a foster child. While the two lived together, Mr. Foster rubbed the girl's vagina through her clothes, leading to the conviction for sexual abuse.

To decide the sentence, the district court needed to apply the sentencing guidelines, 18 U.S.C. § 3553(a)(4). Under these guidelines, the court could enhance the advisory range if the victim was considered *vulnerable.* U.S.S.G. § 3A1.1(b)(1). The probation officer recommended application of the enhancement for a vulnerable victim, and the court adopted the recommendation without an objection. With the enhancement, the guideline range for imprisonment increased to 63–78 months. The court varied downward, imposing a sentence of 57 months' imprisonment and 15 years of supervised release.

Mr. Moss challenges the enhancement, arguing that the district court erred by considering some factors that had already been incorporated into the guideline calculation. *See* U.S.S.G. § 3A1.1, cmt. n.2 (stating that the enhancement doesn't apply if the factor making a victim vulnerable is already incorporated in the offense guideline). This argument triggers a question of preservation: Mr. Moss hadn't made this argument in district

court, and he urges us to apply the plain-error standard; the government counters that the plain-error standard doesn't apply because the issue was deliberately waived. We assume for the sake of argument that Mr. Moss didn't waive the issue. Absent a waiver, however, an error would be *plain* only if Mr. Moss had shown an effect on his substantial rights. *See United States v. Wolfname*, 835 F.3d 1214, 1217 (10th Cir. 2016). For this showing, Mr. Moss must establish a reasonable probability that the district court would have declined to apply the enhancement absent the impermissible factors. *See United States v. Booker*, 63 F.4th 1254, 1262 (10th Cir. 2023) (stating that an error affects the defendant's substantial rights only if a reasonable probability exists that the result would have been different absent the error).

In recommending the enhancement for a vulnerable victim, the probation office's report considered two factors (age and custody status) that had already been incorporated into the guideline calculation, and the district court adopted that report. For example, the probation report pointed out that the victim had been only ten years old during the abuse. But even without the enhancement, the court had increased the offense level because the victim was under twelve. U.S.S.G. § 2A3.4(b)(1). In addition, the probation report relied in part on Mr. Moss's custody over the girl as her foster parent despite a separate two-level enhancement based on the defendant's custodial status. U.S.S.G. § 2A3.4(b)(3).

3

But the district court also relied on

- a size difference between Mr. Moss and the girl and

- an unstable home life.

These factors were permissible. *See United States v. Checora*, 175 F.3d 782, 789 (10th Cir. 1999) (size difference); *United States v. Sumka*, 81 F.4th 1153, 1159 (10th Cir. 2023) (unstable home life). Mr. Moss disagrees, arguing that (1) the size difference and unstable home life were simply proxies for his control and the girl's age and (2) the district court's explanation shows heavy reliance on the impermissible factors. We disagree.

Mr. Moss points out that (1) the girl was small because she was only ten and (2) her age elsewhere contributed to the offense level. But the district court didn't rely solely on the girl's size; instead, the court relied on the difference between her size and Mr. Moss's. Mr. Moss was 6 feet, 3 inches and weighed 340 pounds. The probation report pointed out that a much smaller person, like the girl, was particularly vulnerable given Mr. Moss's size. This rationale didn't turn on factors that had otherwise affected the guideline calculation. *See United States v. Tissnolthtos*, 115 F.3d 759, 761–62 (10th Cir. 1997). So the court could consider the

difference in size. *See Checora*, 175 F.3d at 789 (stating that the district court could consider a size disparity).[1]

In addition, Mr. Moss faults the district court for relying on the girl's unstable home life, arguing that (1) it had led to Mr. Moss's role as a foster parent and (2) that role had already triggered an increase of two levels. But the district court didn't just rely on the girl's unstable home life because it led to Mr. Moss's role as a foster parent; the court also relied on Mr. Moss's knowledge of the girl's difficulties at home and her emotional problems. The court could reasonably infer that this knowledge of the girl's troubled past had intensified Mr. Moss's power, and this inference didn't turn on factors that had elsewhere contributed to the offense level.

The size difference and the girl's unstable home life could have justified the enhancement for a vulnerable victim even if the court had erred by considering the girl's age and custodial status. But Mr. Moss insists that there is a reasonable probability the result would have changed if the court had not considered the victim's age and custodial status given the heavy reliance on those impermissible considerations.

---

[1]    Mr. Moss attributes the size disparity to the girl's age. But the court also considered the defendant's unusual height and weight. *See Tissnolthtos*, 115 F.3d at 761–62 (stating that the court can consider information about the defendant when applying the vulnerable-victim enhancement).

Even when a defendant has preserved a challenge to the vulnerable-victim enhancement, however, we have regarded reliance on impermissible factors as harmless when the district court could have applied the enhancement based on other factors. *United States v. Scott*, 529 F.3d 1290, 1301–03 (10th Cir. 2008). In that setting, we haven't reversed based on the possibility that the district court may have relied more heavily on the impermissible factors. *Id.* We have instead considered whether other permissible factors would have justified the enhancement. A stricter review would make little sense when a defendant like Mr. Moss fails to preserve the issue.[2]

Given the district court's partial reliance on permissible considerations, such as the size difference and the girl's unstable home life, Mr. Moss hasn't shown a reasonable probability of a different result if the court had confined itself to permissible factors. So we affirm the sentence.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2] Mr. Moss argues that we should focus on the factors that the district court emphasized. For this argument, he relies on *United States v. Farley*, 36 F.4th 1245 (10th Cir. 2022), and *United States v. Cordery*, 656 F.3d 1103 (10th Cir. 2011). But these opinions didn't involve a sentencing enhancement: *Farley* involved an erroneous variance, and *Cordery* involved reliance on an improper sentencing factor. *Farley*, 36 F.4th at 1251–54; *Cordery*, 656 F.3d at 1108.

6